# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4073 | **DATE** | 8/22/2002 |
| **CASE TITLE** | Jackson v. Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Parties' respective oral motions to reconsider prior discovery rulings are denied. Status hearing set 8/28/02 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 23 2002 | 55 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 8/22/2002 | |
| | | | date mailed notice | |
| | FT | courtroom deputy's initials | Date/time received in central Clerk's Office | FT |
| | | | | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 2 3 2002

| | |
|---|---|
| TALMITCH L. JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ASHCROFT,[1] Attorney General,<br>United States Department of<br>Justice, et al.,[2]<br>    Defendants. | Case No. 00 C 4073<br><br>Magistrate Judge<br>Arlander Keys |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the parties' respective motions to reconsider prior discovery rulings. For the reasons set forth below, the Court denies both parties' respective motions.

### BACKGROUND

The plaintiff, Talmitch L. Jackson, is suing John Ashcroft, Attorney General, United States Department of Justice, et al., under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) ("Title VII"), for allegedly discriminating against him based on his race when he was denied employment with the United States Drug Enforcement Agency (the "DEA").

---

[1] John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General. FED. R. CIV. P. 25(d)(1)(2002).

[2] The other defendants included in Mr. Jackson's Complaint are the United States Drug Enforcement Agency and its employees Lawrence R. Johnson, Steven N. Bisseger, Milton Smilek, William Ruzzamenti, and an "unidentified white male (blond) panel member." The Court makes no determination in this opinion as to whether any or all of the individual defendants named in the Complaint are proper defendants in this case.



Mr. Jackson applied for a special agent position with the DEA in 1986. (Compl. ¶ 7, 24.) Allegedly, Mr. Jackson's application was never processed, and he contends that he submitted another application to the DEA in June 1987. (Compl. ¶¶ 8, 9.) Mr. Jackson alleges that he never heard back from the DEA relating to his second application or the third application, which he allegedly submitted in August 1988. (Compl. ¶ 9, 10.) Mr. Jackson submitted a fourth application to the DEA in June 1991, and the DEA responded by granting him a panel interview. (Compl. ¶ 11, 13.)

Mr. Jackson alleges that certain of the DEA's agents conducting the panel interview downplayed or refused to discuss his experience as a Chicago police officer involved in narcotics investigations, as well as other relevant experience. (Compl. ¶¶ 16, 37.) Mr. Jackson claims that certain of the agents were more interested in discussing a racial discrimination claim which Mr. Jackson had previously filed against the Chicago Fire Department than discussing his relevant experiences as a narcotics and correctional officer. (Compl. ¶¶ 16c, 16d) After his panel interview, Mr. Jackson completed various forms, questionnaires, and applications, and underwent a physical agility test, in which he allegedly performed very well. (Compl. ¶¶ 22-26.)

In May 1993, Mr. Jackson received notice from the DEA that his application was closed. (Compl. ¶ 28.) He was informed that he was not selected because of budgetary cuts, which made it

impossible to fully process his application, as well as the possibility he did not achieve a score above the "cut-off" score. (Compl. ¶ 30.)

Mr. Jackson brought suit in federal court against the DEA. Judge Alesia rendered several discovery rulings and denied the DEA's motion to reconsider his November 15, 2001 ruling. *See Jackson v. Ashcroft*, No. 00-C4073, Minute Order Denying Defendant's Motion to Reconsider (N.D. Ill. December 4, 2001). In his November 15, 2001 ruling, Judge Alesia partially granted Mr. Jackson's Motion to Compel the Defendant to Respond to Interrogatories and Requests to Produce. *See Jackson v. Ashcroft*, No. 00-C4073, Minute Order (N.D. Ill. November 15, 2001). Judge Alesia limited discovery to the DEA's documents dated from May 1991 to May 1993. *See Jackson v. Ashcroft*, No. 00-C4073, Transcript of Hearing, at 2-4 (N.D. Ill. November 15, 2001). Judge Alesia found that Mr. Jackson's original request for documents prior to 1991 was overly broad and that the relevant time period was when Mr. Jackson applied for and was later rejected by the DEA. *Id.* at 3. In addition, Judge Alesia's ruling excluded the disclosure of any medical data contained in the documents. *Id.* at 2-3.

After the case was reassigned to Judge Coar,[3] Mr. Jackson filed a motion to reconsider Judge Alesia's prior discovery

---

[3] This case was transferred to Judge Coar on February 1, 2002.

rulings. In open court on March 5, 2002, Judge Coar denied Mr. Jackson's motion and stated that the court was "not going to revisit all the discovery rulings in this case." *Jackson v. Ashcroft*, No. 00-C4073, Transcript of Hearing, at 2 (N.D. Ill. March 5, 2002). Further, Judge Coar ordered that all discovery disputes be assigned to the magistrate judge.[4] *Id.* at 7; *Jackson v. Ashcroft*, No. 00-C4073, Minute Order Denying Motion to Reconsider (N.D. Ill. March 5, 2002).

At a hearing before this Court, both parties again sought a reconsideration of Judge Alesia's discovery rulings. *Jackson v. Ashcroft*, No. 00-C4073, Transcript of Hearing, at 3-4 (N.D. Ill. May 10, 2002). The parties stipulated that Judge Coar told the parties that they should take the matter of reconsideration to this Court, because all discovery issues were to be handled by the magistrate judge. *Id.* at 7. The Court requested that both parties submit to it the new evidence that they argue was not available to Judge Alesia, and which entitles them to a reconsideration. *Id.* at 32. The parties have submitted their respective memoranda, and the Court shall proceed to discuss the merits of their arguments.

## DISCUSSION

Both parties concur that Judge Coar left the issue of reconsidering Judge Alesia's discovery rulings for this Court's

---

[4] On March 5, 2002, all discovery disputes in this case were referred to the Court. Judge Coar is presiding over the merits of the underlying case.

4

consideration. However, after a careful reading of the transcript, the Court has determined that the parties misconstrued Judge Coar's order. At the onset of the hearing, Judge Coar clearly and unequivocally denied Mr. Jackson's motion to reconsider Judge Alesia's discovery rulings. Later, both parties attempted to address their grievances with the status of discovery to Judge Coar. However, Judge Coar refused to hear any discovery questions and ordered the parties to address all discovery concerns with the magistrate judge.

This Court concludes that Judge Coar reached a final decision regarding Mr. Jackson's motion to reconsider. Judge Coar's order denying Mr. Jackson's motion, made orally in open court as well as by minute order issued on March 5, 2002, is evidence of his final decision on the matter. The parties misinterpreted Judge Coar's order to take all discovery matters to the magistrate judge to include Mr. Jackson's motion to reconsider. The Court finds that Judge Coar was referring to all other discovery issues, including Mr. Jackson's concerns about the delay with which the DEA was proceeding in turning over its discovery to him.

Therefore, this Court does not have the authority to reconsider Judge Alesia's discovery rulings. Assuming, *arguendo*, that Judge Coar intended for this Court to rule on Mr. Jackson's motion to reconsider, although the Court concludes that such an assumption would be huge and tantamount to ignoring Judge Coar's

5

order, this Court would deny Mr. Jackson's motion and hold that the law of the case applies in this instance and bars a reconsideration of Judge Alesia's discovery rulings.

The doctrine of law of the case provides that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)(internal citation omitted). A departure from the law of the case doctrine may be necessary if new material evidence is presented that was not presented at the previous hearing, controlling authority has since made a contrary decision of the law, or the previous decision was clearly erroneous. *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 231 (7th Cir. 1988)(internal citation omitted); *see also White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). The Seventh Circuit has described a prior decision as "clearly erroneous" if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated dead fish." *Sterling*, 866 F.2d at 233.

Neither party has presented, in their respective memoranda, any new evidence or new law that would justify the Court reconsidering Judge Alesia's discovery rulings. Therefore, the sole justification for deviating from the law of the case doctrine

is if the Court finds that Judge Alesia's discovery rulings were clearly erroneous and if failing to reconsider the decision would work a manifest injustice.

Mr. Jackson generally challenges Judge Alesia's order limiting discovery to the period of May 1991 through May 1994; limiting discovery only to DEA applicants, and excluding "involved agents;" limiting discovery to the DEA only and excluding other government agencies, including the Equal Employment Opportunity Commission and the Department of Justice; excluding investigative and other disciplinary files of DEA agents and applicants; and redacting information from the files as opposed to issuing a protective order. (See Pl.'s Suppl. in Favor of Mot. to Recon. at 1.) Similarly, the DEA seeks a reconsideration of all discovery rulings unfavorable to it, alleging that Mr. Jackson's discovery requests are unduly burdensome, seeks information protected by privacy laws and law enforcement privileges, and are not reasonably calculated to lead to the discovery of admissible evidence. (See Def.'s Mem. on Disc. Issues at 2.)

The Court finds that Judge Alesia did not commit clear error by limiting discovery to the time when Mr. Jackson applied to the DEA in approximately May or June of 1991 through the time he was rejected in May 1993. Although Mr. Jackson alleges that he initially applied to the DEA in 1986, he was not formally considered, and thereafter rejected, until his 1991 application.

7

Therefore, the limitation of the time period is neither too broad nor too narrow.

On the other hand, the DEA argues that even the three year limitation is unduly burdensome, because of the sheer volume of files that need to be located and inspected. The Court concludes that Judge Alesia did not commit clear error by failing to further limit the time frame because of the possibility that the DEA would incur undue burden. As stated above, the three year time period was deemed by Judge Alesia to be the relevant time period, and the Court holds that such a finding by Judge Alesia was not clearly erroneous.

Further, Judge Alesia's limiting discovery to DEA applicants only, and not to DEA agents as well, in addition to excluding discovery from other agencies, is not clearly erroneous. To prevail in his suit against the DEA, Mr. Jackson must produce evidence showing that the DEA did not hire him because he is black. If he can show that non-black applicants were given preferential treatment because of their race, he may prevail. However, it is not crucial for him to obtain information about the agents that interviewed him in order to prove his racial discrimination charge. The Court determines that Judge Alesia did not commit a manifest injustice by excluding discovery of information relating to the agents who interviewed Mr. Jackson. Similarly, the Court concludes that Judge Alesia's ruling, which excluded any discovery from other

agencies, was not clear error, because Mr. Jackson's suit pertains to the DEA and its agents only, and the DEA is the only agency that is a defendant in this case.

Finally, the Court holds that Judge Alesia's order relating to the redacting of certain information instead of issuing a protective order was not clearly erroneous. Mr. Jackson has not shown the Court why redaction, as opposed to a protective order, would cause a manifest injustice. The Court reminds the parties that it will not reconsider Judge Alesia's discovery rulings without evidence that the decision was *clearly* erroneous.

Further, any concerns that the DEA has of producing sensitive or privileged documents are not resolved by refraining from producing such documents. The applicable privacy or law enforcement privilege laws are in place in order to protect any sensitive information from becoming public knowledge. The Court will issue protective orders or order certain information to be redacted from the DEA's documents if the Court finds that privacy or privilege may be compromised.

Any errors that Judge Alesia may have committed in his discovery rulings are certainly not as blatant as the malodor of a spoiled fish carcass. The Seventh Circuit has raised the bar extremely high for a court to deviate from a prior ruling, and, in this case, the Court is not satisfied that reconsideration is warranted.

9

**CONCLUSION**

Judge Coar has clearly and unequivocally denied Mr. Jackson's motion to reconsider Judge Alesia's discovery rulings, an order that this Court cannot revisit. Assuming, *arguendo*, that the Court had the requisite authority, the Court would not reconsider Judge Alesia's discovery rulings. Neither party presented any evidence that was not previously presented to Judge Alesia, nor did either party show that controlling authority has since made a contrary decision of the law. Further, both parties failed to prove that Judge Alesia's discovery rulings were clearly erroneous and would work a manifest injustice.

**IT IS THEREFORE ORDERED**, that both Mr. Jackson's and the DEA's respective motions to reconsider Judge Alesia's discovery rulings are hereby, **DENIED**.

**IT IS FURTHER ORDERED** that the DEA immediately comply with Judge Alesia's discovery rulings. The DEA must immediately turn over to Mr. Jackson any and all required documents that are readily available. All other documents not readily available shall be turned over to Mr. Jackson in a timely fashion, but no later than the discovery cut-off date on October 1, 2002.

With respect to confidential or privileged information, and information subject to the privacy laws, and not inconsistent with Judge Alesia's discovery rulings, the documents produced or information provided shall be submitted to Mr. Jackson in

accordance with the requirements of any applicable law enforcement privilege or privacy laws. Both parties are hereby ordered to appear before the Court at 9:00 AM on August 28, 2002, to confirm that the DEA is complying with this Order.

DATED: August 22, 2002

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge